# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE<br><br>452 East 100 South<br>Salt Lake City, UT 84111<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR<br><br>1849 C Street, NW,<br>Washington, D.C. 20240<br><br>      Defendant. | Civ. No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff Southern Utah Wilderness Alliance (SUWA) brings this action seeking declaratory and injunctive relief for violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* and FOIA regulations, by Defendant Department of the Interior.

2.  On June 28, 2017, SUWA submitted a FOIA request to the Department of the Interior's Office of the Secretary (DOI OS) seeking records relating to settlement discussions between DOI OS and plaintiffs the State of Utah and several of its counties in a series of cases brought by the plaintiffs in that case concerning the validity of claimed rights of way across federal land under Revised Statute (R.S.) 2477.

3.  R.S. 2477 was a Civil War-era statute that granted rights of way for "construction of highways over public lands, not reserved for public uses." Mining Act of 1866, ch. 262, § 8,

14 Stat. 251, 253 (1866), *repealed* by Federal Land Policy and Management Act of 1976, Pub.L. No. 94–579, § 706(a), 90 Stat. 2743 (codified as amended at 43 U.S.C. §§ 1701, *et seq.* ("FLPMA").  Before its repeal in 1976, R.S. 2477 allowed states and counties to construct rights of way over unreserved federal lands.

4.     Between 2010 and 2012, the State and most of its counties filed over 20 coordinated lawsuits against the United State claiming title to over 14,000 road rights of way under R.S. 2477.  These claims, by design, threaten the pristine quality of lands protected by virtue of their wild, undeveloped character.  Many claims intrude into congressionally-designated Wilderness, national parks, national monuments, wilderness study areas, and areas proposed to Congress for wilderness designation.

5.     SUWA and other environmental organizations intervened as defendants in the R.S. 2477 lawsuits on behalf of the United States to protect these threatened landscapes from development.  However, SUWA has learned that the State and counties began to engage the United States in settlement discussions shortly after the most recent change in presidential administrations.  SUWA filed its FOIA request with DOI OS to shed light on the scope and nature of these settlement discussions and determine whether the United States still intends to defend against the State and counties' claims.

6.     As of the date of this Complaint, the Department of the Interior has failed to provide SUWA with a substantive response to its FOIA request.  In violation of FOIA and its regulations, the Department of the Interior has failed to provide any records responsive to SUWA's request, failed to identify any records to be released or withheld and the reasons for such withholding, and failed to provide SUWA with a notice of the right to appeal.

7. The Department of the Interior has also failed to provide notice of the specific or approximate date on which it will issue its determinations on SUWA's request.

8. The Department of the Interior is unlawfully withholding and unreasonably delaying the release of records requested by SUWA, and to which SUWA is lawfully entitled.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## VENUE

10. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11. Plaintiff SUWA is a non-profit environmental membership organization dedicated to the sensible management of all public lands within the State of Utah and the preservation and protection of Utah's remaining wild lands. SUWA has offices in Utah and Washington, D.C., and members in all fifty states and several foreign countries. It is the requester of the records at issue.

12. SUWA and its members have long been involved in the defense of the United States' title against State and county R.S. 2477 claims, as well as actions to protect public lands in Utah from threats posed by off-road and motorized vehicle use. SUWA is currently an intervenor-defendant in the State of Utah and its counties' statewide R.S. 2477 litigation, and made the FOIA request at issue in this matter to understand and disseminate information to the public concerning the Department of the Interior's decision-making with regards to claimed R.S. 2477 rights of way, including whether the Department of the Interior would modify or reverse its litigation positions under the new Administration.

13.     SUWA intends to review and evaluate the requested information. As appropriate, SUWA will then disseminate this information to the public through publication on SUWA's website, newsletters, social media, and action alerts. SUWA's newsletter alone has a distribution list in excess of 20,000 people and a proven history of being able to disseminate information to a large and diverse segment of the public. SUWA publishes newsletters and other information for the specific purpose of educating the public on particular issues, including the management of public lands and the ongoing statewide R.S. 2477 litigation.

14.     SUWA is injured by the Department of the Interior's failure to timely produce public records that were properly requested and to which SUWA is entitled under FOIA. *See Zivotofsky v. Sec'y of State*, 444 F.3d 614, 617-18 (D.C. Cir. 2006) ("The requester is injured-in-fact- for standing purposes because he does not get what the statute entitles him to receive.").

15.     Defendant Department of the Interior is a federal agency of the United States and, as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f). SUWA submitted its FOIA request to the Department of the Interior's Office of the Secretary, which is also subject to FOIA pursuant to 5 U.S.C. § 552(f).

## LEGAL FRAMEWORK

16.     FOIA requires, *inter alia*, that federal agencies promptly provide copies of all non-exempt agency records to those parties who request such records in conformance with the statute and applicable regulations. 5 U.S.C. § 552(a)(3)(A).

17.     FOIA requires federal agencies to make a final determination on all FOIA requests within twenty days (excepting Saturdays, Sundays, and legal public holidays) after receipt of such a request. 5 U.S.C. § 552(a)(6)(A)(i)(I).

18. A final determination includes the agency's decision whether to comply with a request and provide all the documents the requester seeks, or inform the requester of the scope of the documents the agency will provide and the scope of the documents the agency will withhold under any FOIA exemption.

19. An agency may extend the 20-day deadline for making a determination an additional ten days if "unusual circumstances" exist. 5 U.S.C. § 552(a)(6)(B)(i). The agency must provide notice to the requester of which statutorily-defined unusual circumstances exist. 5 U.S.C. §§ 552(a)(6)(B)(i); 552(a)(6)(B)(iii)(I)-(III). Exceptional circumstances do not include delay that results from a predictable agency workload of FOIA requests. 5 U.S.C. § 552(a)(6)(C)(ii).

20. FOIA expressly provides that requesters shall be deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A).

21. FOIA provides that, when an agency fails to provide a timely determination or the requested records, the requester may seek legal redress from this Court to enjoin the agency from withholding the requested records and to order the production of agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

22. Under FOIA, the agency carries the burden to sustain its action. 5 U.S.C. § 552(a)(4)(B).

23. Pursuant to FOIA, this Court may assess attorney fees and costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## **FACTS GIVING RISE TO PLAINTIFF'S FOIA CLAIM**

  A. **The Underlying R.S. 2477 Litigation**

  24. Between 2010 and 2012, the State and its counties filed over 20 coordinated lawsuits under the Quiet Title Act, 28 U.S.C. § 2409a, in which they claimed title to at least 14,000 alleged rights of way throughout the 35 million acres of federal land in Utah, many of which traverse national parks, national monuments, and designated and proposed wilderness areas.

  25. In these lawsuits, the State also seeks the right to regulate and improve its claimed "roads"—most of which are primitive, unmaintained two-tracks—as well as a ruling that the scope of each and every right of way is a minimum width of 66 feet.

  26. Shortly after the cases were filed, SUWA intervened as a defendant alongside the United States to defend against the State and counties' claims and the direct threat posed by the claims to federally-protected and wilderness-quality lands in Utah.

  27. However, SUWA recently learned that the plaintiffs in the R.S. 2477 cases began settlement discussions with the United States, including with DOI OS, after the election of President Donald Trump and his appointment of federal officials within the Department of the Interior.  These discussions could result in an agreement to which SUWA is not a party, and which severely impairs the lands SUWA seeks to protect.

  B. **Plaintiff's FOIA Request**

  28. On June 28, 2017, SUWA sent a FOIA request to DOI OS via email seeking records regarding settlement discussions between the plaintiffs in Utah's statewide R.S. 2477 litigation and DOI OS.  SUWA wants these records to shed light on the changed litigation position of the new Administration in the R.S. 2477 cases, to understand the Department of the

Interior's positions and policies on R.S. 2477 claims more generally, and to protect against the threat posed by an unfavorable or unlawful settlement of the R.S. 2477 cases to public lands in Utah.

29.     On July 10, DOI OS FOIA Officer Clarice Julka sent Joseph Bushyhead, counsel for SUWA, a letter acknowledging that the agency had received SUWA's FOIA request on June 29, 2017, and assigned the request control number OS-2017-00770.  The letter further indicated that DOI OS would take an additional ten workdays to provide a determination pursuant to 43 C.F.R. § 2.19 "[b]ecause we will need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request."  Ms. Julka indicated that the request fell into the "Complex" processing track.

30.     With the ten workday extension, DOI OS' determination was due under FOIA on or before August 11, 2017.

31.     On August 15, 2017, Nicholas Banco of the DOI OS FOIA Office contacted Mr. Bushyhead by phone regarding SUWA's FOIA request, and SUWA agreed to narrow the date range of the search to records created or acquired after January 20, 2017 to expedite the processing of the request.

32.     During the August 15, 2017 phone call, Mr. Banco did not communicate any decision by DOI OS to comply with the FOIA request and provide all the requested documents, or to withhold documents under any FOIA exemption.

33.     On September 14, 2017, Mr. Bushyhead contacted Mr. Banco and the DOI OS FOIA Office by email to alert the agency that SUWA had not yet received a determination on the request, and asking for an estimated timeframe for a determination or the release of responsive documents.

34. On September 15, 2017, Justin Wilkinson of the DOI OS FOIA Office replied by email that the agency "is conducting a search across multiple offices for records that are responsive to your request. Once the Department's search has completed, we will process those records and work to provide a timely response."

35. The September 15, 2017 email did not include DOI OS' decision to comply with the FOIA request and provide all the requested documents, or to withhold documents under any FOIA exemption.

36. On September 25, 2017, SUWA sent a letter to DOI OS again alerting the agency that it had not yet provided a determination and requesting a final determination within five working days.

37. On September 29, 2017, Mr. Wilkinson replied by email that DOI OS was "continuing to search for records that are responsive to [SUWA's] request," but was "unable to provide an accurate estimated date of response."

38. The September 29, 2017 email did not include DOI OS' decision to comply with the FOIA request and provide all the requested documents, or to withhold documents under any FOIA exemption.

39. As of the date of this filing, SUWA has not received a final response from the DOI OS to its June 28, 2017 FOIA request, or received any responsive records.

40. Because of BLM's failure to make a final response within the time limits provided by 5 U.S.C. § 552(a)(6)(A), and pursuant to 5 U.S.C. § 552(a)(6)(C), SUWA has constructively exhausted its administrative remedies prior to seeking judicial review from this Court.

## CLAIM FOR RELIEF

### Failure to Produce Records Under FOIA

41. Plaintiff SUWA re-alleges and incorporates by reference all preceding paragraphs.

42. Plaintiff properly requested records within DOI's control.

43. Plaintiff is entitled by law to access to the records requested under FOIA, unless DOI makes an explicit and justified statutory exemption claim.

44. Defendant Department of the Interior has neither provided Plaintiff with all non-exempt responsive records to Plaintiff's June 28, 2017 FOIA request to DOI OS, nor made any explicit and justified claims of statutory exemption.

45. Defendant violated FOIA's mandate to release the agency records specifically and properly requested by Plaintiffs. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

46. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal right to be provided with copies of the requested records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff SUWA respectfully requests that this Court enter judgment for the Plaintiff providing the following relief:

1. Declare that Defendant Department of the Interior has violated FOIA by failing to lawfully satisfy Plaintiff's June 28, 2017 FOIA request;

2. Order Defendant to provide Plaintiff with all non-exempt responsive records to Plaintiff's June 28, 2017 FOIA request;

3. Award Plaintiff's costs of litigation, including reasonable attorney fees, as provided by 5 U.S.C. § 552(a)(4)(E); and

4. Order other such relief as this Court deems just and proper.

DATED this 12th day of October, 2017.

Respectfully submitted,

__/s/_____
Katherine A. Meyer
D.C. Bar No. 244301

__/s/_____
William Nicholson Lawton
D.C. Bar No. 1046604

Meyer Glitzenstein & Eubanks, LLP
4115 Wisconsin Ave., N.W. Suite 210
Washington, D.C.  20016
(202) 588-5206 (O)
(202) 588-5049 (fax)
kmeyer@meyerglitz.com

__/s/_____
Joseph J. Bushyhead
Utah Bar No. 15046
(Motion for Pro Hac Vice Admission to follow)

Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, Utah 84111
(801) 236-3775 (W)
(801) 486-4233 (fax)
joe@suwa.org

Attorneys for Plaintiffs